**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ricardo Jason VILLEZA,**
**Defendant–Appellant.**

No. 00–50328.

D.C. No. CR–99–02838–IEG.

United States Court of Appeals, Ninth Circuit.

Submitted June 7, 2001 *.

Decided June 15, 2001.

Before KOZINSKI, and THOMAS, Circuit Judges, and WHYTE **, District Judge.

MEMORANDUM ***

The district court erred in holding Villeza responsible for the losses resulting from the entire scheme during his period of participation. Villeza recruited five individuals with accounts at the Bank of America, four of which were named in the indictment. Although his direct involvement resulted in a $25,035 loss, the district court attributed more than a $120,000 loss to him based on his participation in the larger scheme.

Mere knowledge of the illegal acts of others is not enough to create responsibility. U.S. Sentencing Guidelines Manual § 1B1.3, comt. n. 2(c)(6) (2000). We have

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Honorable Ronald M. Whyte, United States District Judge for Northern California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

held that employees who work in an interdependent scheme may, under certain conditions, be responsible for the illegal acts of each other. *United States v. Blitz*, 151 F.3d 1002, 1013 (9th Cir.1998). However, unlike the swindlers in *Blitz*, Villeza was paid purely on a commission and worked independently from the other participants. Here, the district court erred in attributing others' illegal acts to Villeza in assessing loss.

Although the denial of the minor role adjustment request may have been proper, the present findings do not provide us with a sufficient basis to review the decision. Thus, we also remand for the entry of findings concerning the denial of a downward adjustment for minor role. *United States v. Rojas–Millan*, 234 F.3d 464, 474 (9th Cir.2000).

VACATED AND REMANDED FOR RE–SENTENCING.